## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEXISNEXIS RISK DATA MANAGEMENT INC.,** | **Misc. Action No. CIV-18-491-SLP** |
| **Plaintiff,** | |
| **v.** | **(Case No. 1:16-cv-02074 pending in the United States District Court for the District of Maryland, Baltimore Division)** |
| **KORIN TAYLOR,** *et al.* | |
| **Defendants.** | |

## LEXISNEXIS RISK DATA MANAGEMENT INC.'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION <u>IN A CIVIL ACTION</u>

Pursuant to Rules 45(c) and 26(c) of the Federal Rules of Civil Procedure, LexisNexis Risk Data Management Inc. ("LNRDM")[1], through counsel, respectfully requests that this Court quash Plaintiffs' (1) Subpoena to Testify at a Deposition in a Civil Action (the "30(b)(6) Subpoena") issued by Plaintiffs to LNRDM in Case No. 1:16-cv-0274 (D. Md.) (the "Civil Action"), dated March 5, 2018, and (2) Subpoena to Testify at a Deposition in a Civil Action (the "30(b)(1) Subpoena") issued by Plaintiffs to John Shively, dated February 1, 2018.  (*See* **Exhibits 1, 2**.)

---

[1] The subpoenas are directed to "LexisNexis Risk Data Retrieval Services, LLC." LexisNexis Risk Data Retrieval Services LLC merged with LNRDM, effective December 31, 2017.

**INTRODUCTION**

LNRDM seeks to quash two deposition subpoenas issued by Plaintiffs in the Civil Action, which is one of at least eight similar class actions filed by the same Plaintiffs' counsel against Experian Information Solutions, Inc. ("Experian").[2]   LNRDM is not a party to any of these lawsuits.  Despite its non-party status, the subpoenas at issue in this Motion are the fourth and fifth subpoenas issued by Plaintiffs to LNRDM *in this case*.

As described more fully below, the 30(b)(6) Subpoena is not just facially overbroad, but is also unnecessary because a majority of the testimony Plaintiffs seek to elicit from LNRDM is discoverable (or possibly already discovered) through Experian – a party to the Civil Action.  Regardless, LNRDM has responded to Plaintiffs' document subpoena by producing 650 pages of documents.   Plaintiffs have also issued these subpoenas in contravention to an earlier agreement that Plaintiffs would require nothing further from LNRDM in exchange for a declaration negotiated by their counsel, which LNRDM provided nine months earlier.  Ignoring that agreement, Plaintiffs persist in this fishing expedition that continues to impose an undue burden on non-party LNRDM disproportionate to any need.

---

[2] The other pending actions against Experian include: *Rosbottom v. Experian Information Solutions, Inc.*, No. 16-cv-2832 (D.S.C.); *Espinoza v. Experian Information Solutions, Inc.*, No. 17-cv-1977 (D. Ariz.); *Frances D. Brown, et al. v. Experian Information Solutions, Inc.*, 16-cv-670 (E.D. Va.) ("*Brown*"); *Clark, et al. v. Experian Information Solutions, Inc.*, No. 16-cv-32 (E.D. Va.) ("*Clark*"); *Newcomb v. Experian Information Solutions, Inc.*, No. 4:17-cv-11793 (D. Mass.); *Springer v. Experian Information Solutions, Inc.*, No. 2:17-cv-04623 (E.D. Pa.); *De La Rosa v. Experian Information Solutions, Inc.*, No. 1:18-cv-00019 (S.D.N.Y.).  Plaintiffs' counsel has served document and/or deposition subpoenas on LNRDM in each of these cases.

Even more remarkable is Plaintiffs' current refusal to postpone LNRDM's deposition even though the parties are actively engaged in settlement negotiations, attended a settlement conference on May 14, 2018, and have two follow-up settlement conferences scheduled for June 12, 2018 and July 12, 2018.  Despite Plaintiffs' decision to renege on the prior agreement to forego further discovery in exchange for a declaration, LNRDM has been working with counsel to find a mutually agreeable date after the July 12th settlement conference.  But Plaintiffs have been unwilling to agree on a date after July 12th even though all the pending Experian class actions are subject to settlement discussions on that date.  Any global resolution reached at the settlement conference will inevitably moot any discovery needed from LNRDM.  Plaintiffs have identified no reason why third-party discovery as to LNRDM should continue at this point, while party discovery is apparently being stayed pending the outcome of the settlement conferences.

For the following reasons, this Court should spare LNRDM from undue burden and expense by quashing the subpoenas.  Alternatively, the Court should issue a protective order, postponing any deposition of LNRDM until after the parties have completed the July 12th settlement conference.

## RELEVANT BACKGROUND

### I.   The Present Litigation.

Plaintiffs' present class action lawsuit alleges that Experian failed to update civil judgment information on Plaintiffs' and putative class members' Experian credit reports. (*See* Second Am. Compl., **Exhibit 3**, ¶ 2.)  For instance, with respect to named Plaintiff

Korin Taylor, Plaintiffs allege that Experian was inaccurately reporting an outstanding judgment against Taylor, although that judgment had previously been satisfied.  (*See id*. at ¶¶ 20–22.)   Similarly, named Plaintiff Stephen Knuth alleges that Experian was reporting a judgment in his Experian credit report without any notation of vacatur.  (*See id*. at ¶¶ 29–32.)   Named Plaintiff Robert Mills claims that Experian was reporting a vacated judgment as outstanding on Mills' Experian credit report.  (*See id*. at ¶¶ 36–39.) Plaintiffs allege that Experian violated section 1681e(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").  They seek to represent a class of persons who meet the following definitional requirements:

> a. the computer database of Experian shows that the person was the subject of a judgment in the state of Maryland;
>
> b. the computer database of the Maryland Judiciary shows that as of the date 20 days after the Court's certification of this class, the civil action or judgment was dismissed, satisfied, appealed, or vacated on or after June 14, 2011 ("the disposition date"); and
>
> c. Experian's records note that a credit report regarding the person was furnished to a third party, other than for an employment purpose at least 30 or more days after the disposition was recorded in the court file and prior to the date that LexisNexis had supplied the disposition to Experian.

(*Id*. at ¶ 45.)

LNRDM has a limited role with respect to Plaintiffs' allegations.  LNRDM is a public records retrieval vendor.  (*See id*. at ¶ 10.)  For example, LNRDM retrieves civil judgments in accordance with a Data License Agreement between LNRDM and Experian.  In other words, LNRDM's sole function is to retrieve and transmit the

information on public records as reported by the public record source, in this case the Maryland courts.

## II.   The Subpoenas served on LNRDM.

Plaintiffs filed their class action Complaint on June 14, 2016.  On November 4, 2016, Plaintiffs issued a subpoena to produce documents on LNRDM along with a subpoena demanding that LNRDM make a corporate representative available for deposition.  (*See* **Exhibits 4, 5**.)  LNRDM timely objected to those subpoenas.

In June 2017, counsel for LNRDM and counsel for Plaintiffs reached an agreement whereby LNRDM would provide a declaration covering certain topics (the "LNRDM Declaration")[3] and Plaintiffs would agree to withdraw the outstanding subpoenas.  Pursuant to that agreement, on June 9, 2017, LNRDM provided Plaintiffs' counsel with a copy of the LNRDM Declaration.  (*See* **Exhibit 6**.)[4]

Over nine months later, and only two months before discovery was scheduled to close,[5] Plaintiffs served LNRDM with another document subpoena and two deposition subpoenas, which included nearly identical requests to the November 2016 subpoenas.

---

[3] This declaration applied to five class action cases and resolved the subpoenas served on LNRDM in each case.

[4] Plaintiffs' counsel later disputed that the scope of the agreed-upon declaration was sufficient to resolve the subpoenas.

[5] Pursuant to the January 10, 2018 Agreed Scheduling Order, class discovery was to be completed on or before April 13, 2018.  (Dkt. No. 47.)

(*See* **Exs. 1, 2.**)[6]  LNRDM again timely objected to these subpoenas.  In response to the document subpoena, and after meeting and conferring with Plaintiffs' counsel, LNRDM has produced 650 pages of documents to date.[7]  In response to the deposition subpoena, and subject to its objections, LNRDM agreed to make a witness available for a 30(b)(1) and 30(b)(6) deposition on April 5, 2018, in Oklahoma City, Oklahoma despite the previous agreement on the declaration.

After the deposition was scheduled, however, the parties were ordered in two of the related matters to attend a settlement conference on May 14, 2018.  *See Frances D. Brown, et al. v. Experian Information Solutions, Inc*., 16-cv-670 (E.D. Va.), Dkt. Nos. 97, 99; *Clark, et al. v. Experian Information Solutions, Inc*., No. 16-cv-32 (E.D. Va.), Dkt. Nos. 106, 107.  Each of the pending Experian public records class actions, including the Civil Action, were to be addressed at the settlement conference as part of a potential global resolution.  LNRDM learned that the parties intended to stay discovery, including Plaintiffs' depositions, until after the May 14 settlement conference, presumably with the belief that the need for the depositions may be mooted by a settlement.  The parties in the Civil Action also agreed to a revised scheduling order, which extended the class discovery period until September 28, 2018.  The Court approved and entered the Revised

---

[6] Plaintiffs also served a deposition subpoena on LNRDM requesting the deposition of "the person(s) who physically collects Maryland Public Record Data Maryland Courts for LexisNexis."  Pamela Calhoun, the Maryland vendor, was deposed on March 14, 2018, before the May 14th settlement conference was set.  Ms. Calhoun has also produced over 6,600 pages of documents to Plaintiffs in response to a subsequent document subpoena served by Plaintiffs.

[7] Plaintiffs' counsel continues to demand additional documents.

Scheduling Order on April 3, 2018.  (Dkt. No. 53.) [8]   In light of those developments, LNRDM requested and Plaintiffs agreed to postpone LNRDM's deposition until May 22, 2018.

On May 14, 2018, the parties attended the settlement conference with Magistrate Judge Novak.  Two follow-up settlement conferences have now been scheduled for June 12, 2018 and July 12, 2018.  (*See Clark*, Dkt. No. 112; *Brown*, Dkt. No. 102.)  Magistrate Judge Novak further ordered that Plaintiffs must provide to Experian by May 29, 2018 a settlement proposal outlining a settlement structure exclusive of attorney's fees and service awards.  (*See id*.)  Experian must respond by June 5, 2018 either by accepting the proposal or with a counter-proposal.  (*See id*.)  LNRDM understands that no other discovery – besides LNRDM's deposition – is scheduled to occur while the parties discuss settlement.

In light of the parties' ongoing settlement negotiations and scheduled follow-up settlement conferences, LNRDM requested that its deposition be postponed until after the July 12th settlement conference.  LNRDM also offered to make a witness available on either July 17th or 18th.  (*See* **Exhibit 7**.)  Yet for some unexplained reason, Plaintiffs have concluded that it is acceptable to burden non-party LNRDM with a deposition that could be mooted by a settlement.

---

[8] LNRDM's witness also expressed concerns about childcare issues resulting from the teacher's strike occurring the week of the April 5, 2018 deposition.  Due to these issues, LNRDM's deponent requested that the deposition be postponed.

## LEGAL STANDARD

Rule 45(d)(3)(A) provides that the Court for the district where compliance is required[9] must quash or modify a subpoena that, among other things, "subjects a person to undue burden."  Likewise, Rule 26 permits a court to issue a protective order to protect any person from, among other things, "undue burden and expense."  Fed. R. Civ. P. 26(c)(1).  Whether a subpoena imposes an undue burden upon a non-party is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."  *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591, 2017 U.S. Dist. LEXIS 44192, at *235 (D. Kan. Mar. 24, 2017) (internal quotation omitted).  Courts are required to balance the need for discovery against the burden imposed on the person ordered to comply with discovery, and "the status of a person as a non-party is a factor that weighs against disclosure."  *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted).  In fact, "[n]on-parties responding to a Rule 45 subpoena are generally offered heightened protection from discovery abuse."  *In re Syngenta*, 2017 U.S. Dist. LEXIS 44192, at *235.

Non-parties also have standing to raise relevancy objections to subpoenas.  *See Am. Elec. Power Co.*, 191 F.R.D. at 136.  The burden of demonstrating relevance is on

---

[9] LNRDM is located in Oklahoma City, Oklahoma.  This Court therefore is "the district where compliance is required."  *See* Fed. R. Civ. P. 45(d)(3)(A).

the party seeking discovery. *Id.* Under Rule 26(b)(1), the scope of discovery is limited to:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Subpoenas are subject to the same limitations as applied generally to other types of discovery. *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003).

## ARGUMENT

**I.    Plaintiffs' Subpoena should be quashed because it is unduly burdensome, overly broad, and relevant documents and a declaration have already been produced.**

The 30(b)(6) Subpoena covers **19** topics and largely mirrors the previously served document subpoenas, to which LNRDM has produced 650 pages of documents and a declaration.  As the Court can observe from the deposition topics listed in the Subpoena, Plaintiffs seek testimony relating to an inordinate amount of information, which is overly broad and exceeds the scope of allowable discovery.  Indeed, Plaintiffs' requests are not limited to the timeframe relevant to the Civil Action or topics that are otherwise relevant to Plaintiffs' claims in this litigation and indeed vaguely reference other "pending lawsuits."  For example, Plaintiffs request testimony on:

- "All documents or communications on after January 1, 2015 between you and Experian referencing or related [sic] any pending lawsuit regarding how you obtain judgment or lien records." (**Ex. 1**, Topic No. 6.)

- "All documents or communications between you and Experian referencing or related to the Plaintiffs here or in any of those cases." (**Ex. 1**, Topic No. 7.)

- "All communications between LNRDM and any lawyers for Experian in this matter." (**Ex. 1**, Topic No. 9.)

- "Any and all correspondence between LNRDM and any other person, since January 1, 2014, pertaining to LNRDM' policies and procedures for gathering judgment and tax lien information." (**Ex. 1**, Topic No. 12.)

- "Any and all changes made since your testimony in Soutter v. Equifax regarding how you obtain public records for or for sale to consumer reporting agencies." (**Ex. 1**, Topic No. 13.)[10]

- "Any changes you have implemented as a result of or related to the National Consumer Assistance Plan/AG Settlement changes implemented by the national consumer reporting agencies." (**Ex. 1**, Topic No. 14.)

- "Any and all communications between you and any person or company you have hired or paid to collect Maryland public record information." (**Ex. 1**, Topic No. 17.)

---

[10] The *Soutter v. Equifax* case presumably refers to *Soutter v. Equifax Information Serves, LLC*, No. 3:10-cv-00107 (E.D. Va.), which related to the collection and reporting of *Virginia* civil judgment information.

The 30(b)(6) Subpoena is facially overbroad and Plaintiffs have not, and cannot, demonstrate a need for the scope of the requested information. *Goodyear Tire*, 211 F.R.D. at 663 (stating "the party seeking the discovery has the burden to show the relevancy of the request"); *Am. Elec. Power Co.*, 191 F.R.D. at 136 (same).  LNRDM is not a party to this case and it would be unduly burdensome to require LNRDM to testify as to these topics, which would "exceed[] the proportional needs of the case in light of [Plaintiffs'] claims."  *See Ward v. Liberty Ins. Corp.*, No. 15-cv-1390, 2018 U.S. Dist. LEXIS 26710, at *7 (W.D. Okla. Feb. 20, 2018) (granting motion to quash where the deposition subpoena uses "blanket terms such as 'all documents' . . . in nearly every request, most without any reference to scope or time" and where the requests seek "apparently every document related to" certain topics "regardless of the documents' relevance to Plaintiff's claims").  Indeed, many of these topics are not relevant to Plaintiffs' claims against Experian, which revolve solely around allegations that Experian failed to update Maryland civil judgment information appearing on a consumer's Experian credit report.  "It is clear that [Plaintiffs] made little effort to tailor [their] subpoenas to the case at hand." *EEOC v. Unit Drilling Co.*, No. 13-CV-147, 2014 U.S. Dist. LEXIS 3685, at *10 (N.D. Ok. Jan. 13, 2014).

The 30(b)(6) Subpoena should also be quashed because it seeks testimony which is equally available to Plaintiffs through other sources or records, or other means including, but not limited to, requesting testimony from Experian, a party to the Civil Action.  An Experian representative can testify to a majority of Plaintiffs' topics listed in the Subpoena. (*See, e.g.*, **Ex**. **1**, Topic Nos. 4, 5, 6, 7, 8, 9, 10, 16.)  Certain topics in fact

request testimony regarding Experian's own actions.  (*See, e.g.,* **Ex. 1**, Topic No. 10) ("The total amount of money paid *by Experian* to you since January 1, 2011, for public records information provided to you by Experian.") (emphasis added).  Plaintiffs have made no argument that Experian cannot provide the requested testimony.  *See Black Card, LLC v. Visa U.S.A., Inc.*, No. 15-CV-027, 2016 U.S. Dist. LEXIS 178265, at *7 (D. Wy. May 9, 2016) ("'Courts may refuse discovery requests aimed at nonparties in cases where the same testimony or documents could instead be obtained from a party to the action.'") (quoting *Simon v. Taylor*, No. 12-0096, 2014 U.S. Dist. LEXIS 164774, at *21 (D.N.M. Nov. 18, 2014)).  Nor can Plaintiffs demonstrate that they first sought testimony on these topics from Experian before burdening LNRDM.  *See Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena").  It is evident that Plaintiffs have not taken the care required by the law to narrowly tailor their burdensome requests on non-party LNRDM.

As such, the Subpoena should be quashed and Plaintiffs' harassment of LNRDM should be stopped.  LNRDM has fulfilled its obligations as a non-party to this case.

## II. Plaintiffs' Subpoenas should be quashed, or at the very least, any deposition should be postponed in light of the July 12 settlement conference.

Alternatively, the Subpoenas should be quashed, or modified, due to recent developments in the case, namely that two settlement conferences have been scheduled for June 12, 2018 and July 12, 2018, where the parties could reach a global resolution of all related claims. *See Slawson Expl. Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131,

2015 U.S. Dist. LEXIS 153292, at *2–5 (D. Colo. Nov. 12, 2015) (granting motion to stay discovery in light of pending settlement discussions and upcoming settlement conference); *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co.*, No. 12-cv-1110, 2015 U.S. Dist. LEXIS 188412, at *6 (D.N.M. Aug. 28, 2015) (discussing how the court previously granted plaintiff's "motion for a settlement conference, stayed discovery until the conference, and denied the parties' then-pending discovery motions without prejudice as moot"); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934, 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. Mar. 30, 2006) (granting temporary motion to stay discovery pursuant to Fed. R. Civ. P. 26(c) in order to "protect a party … from annoyance, embarrassment, oppression, or undue burden or expense").[11]   LNRDM understands that the parties are not engaging in any other depositions while their settlement discussions continue.   Given the spirit and purpose of that arrangement, LNRDM requested that Plaintiffs also agree to postpone LNRDM's May 22, 2018 deposition.   Indeed, if the parties reach a resolution, any discovery from LNRDM will be moot.   Given LNRDM's status as a non-party, it should certainly not be subject to a greater burden in discovery than the parties to the case.   *Am. Elec. Power Co.*, 191 F.R.D. at 136 ("the status of a person as a non-party is a factor that weighs against disclosure").

Plaintiffs have no reasonable basis for insisting that a deposition of an LNRDM representative proceed before July 12th.   There is no concern regarding spoliation of

---

[11] Plaintiffs' counsel also recently reached a global settlement with Trans Union, which resolved at least twelve public records class actions filed against Trans Union. *See Clark v. Trans Union, LLC*, No. 3:15-cv-00391 (E.D. Va.), Dkt. No. 240 at 1 (Motion for Preliminary Approval of Class Action Settlement).

Case 5:18-cv-00491-SLP   Document 1   Filed 05/17/18   Page 14 of 17
evidence or witness unavailability.  The same documents and same witnesses will be available after the July 12th settlement conference.  Indeed, Plaintiffs must not generally be concerned about such issues since the parties already agreed to postpone LNRDM's deposition once and also agreed to postpone discovery deadlines and party discovery. What is appropriate for the named Plaintiffs (a stay until after the settlement) must at a minimum also be offered to a non-party.  LNRDM's deposition can be rescheduled for a later date (which LNRDM has already offered) and should be so scheduled not only out of fairness but also to align with the cases cited above about narrowly tailoring discovery burdens on non-parties.  At bottom, Plaintiffs cannot justify continuing to pursue burdensome discovery against non-party LNRDM before the settlement conference.

## CONCLUSION

In light of the foregoing, LNRDM respectfully requests that the Court enter an Order quashing the Subpoenas issued to LNRDM.  Alternatively, LNRDM requests that the Court issue a protective order postponing any deposition until after the parties have completed the July 12, 2018 settlement conference to a date that is mutually agreeable to LNRDM and the parties.

Dated: May 17, 2018

**LEXISNEXIS RISK DATA
MANAGEMENT INC.**


s/ Gerald P. Green
Gerald P. Green, OBA No. 3563
Pierce Couch Hendrickson
  Baysinger & Green, L.L.P.
Post Office Box 26350
Oklahoma City, Oklahoma  73126
Telephone:    (405) 235-1611
Facsimile:     (405) 235-2904
jgreen@piercecouch.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May 2018, I filed the foregoing pleading electronically using the Court's ECF system and also served a copy via electronic and regular U.S. mail on the following counsel of record:

Kristi C. Kelly
Kelly & Crandall PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-1067
Email: kkelly@kellyandcrandall.com

E. Michelle Drake
John G. Albanese
Berger and Montague PC
43 SE Main St Ste 505
Minneapolis, MN 55414
Telephone: (612) 594-5933
Facsimile: 6125844470
Email: emdrake@bm.net
Email: jalbanese@bm.net

Leonard Anthony Bennett
Consumer Litigation Associates PC
763 UJ. Clyde Morris Blvd Ste 1A
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: 7579303662
Email: lenbennett@clalegal.com

*Attorneys for Plaintiffs*

Daniel D. DeVougas
Hilary K. Perkins
William V. O'Reilly
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
Telephone: (202) 879-3783
Facsimile: (202) 626-1700
Email: ddevougas@jonesday.com

Email: hperkins@jonesday.com
Email: woreilly@jonesday.com

*Attorneys for Experian Information Solutions, Inc.*

By: /s/ Gerald P. Green

*Counsel for LexisNexis Risk Data Management Inc.*

34689403